UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

NORMA CHILDERS,

    Plaintiff,

v.                                                                      Case No. _____
                                                                              **Jury Demanded**

HARDEMAN COUNTY BOARD OF
EDUCATION,

    Defendant.

---

**COMPLAINT FOR DISABILITY DISCRIMINATION AND RETALIATION
IN EMPLOYMENT**

---

COMES NOW the Plaintiff, Norma Childers, by and through the undersigned counsel, and for her Complaint for Disability Discrimination and Retaliation in Employment against Defendant, Hardeman County Board of Education, states as follows:

**INTRODUCTION**

    1.    This is an action to redress Defendant's discrimination against Plaintiff because of her disability (Interstitial Cystitis of the bladder, Diverticular disease and Irritable Bowel Syndrome), in violation of Title I of the American with Disabilities Act Amendments Act, 42 U.S.C. §12101 et seq. (hereinafter "ADAAA") and unlawful retaliation pursuant to T.C.A. §. Plaintiff was demoted to a classroom position on or about June 15, 2012, because it refused to consider any reasonable accommodations for Ms. Childers, she was unable to move into this position. Plaintiff was subsequently denied bonuses and benefits to which she was entitled. Plaintiff seeks reinstatement to her administrative position with full back pay and fringe benefits,

as well as compensatory damages for humiliation and pain and suffering. She also seeks punitive damages for the wanton and intentional violation of her rights by Defendant.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 42 U.S.C. §§ 2000e-5 (f)(1) and 12117. The request by Plaintiff for declaratory and injunctive relief is authorized by 28 U.S.C §§ 2201 and 2202.

3. All conditions precedent to the filing of this action have been met by Plaintiff in that she has filed a timely complaint with the Equal Employment Opportunity Commission and has file this action within 90 days of receiving a right-to-sue letter from the Commission. A copy of the Notice of Right-to-Sue is attached hereto as Exhibit A.

4. All of the acts complained of herein took place within Hardeman County, Tennessee. Therefore venue is proper with this Court.

## PARTIES

5. Plaintiff, Norma Childres, is an individual with a disability and resides in Middleton, Tennessee. She was an employee of Defendant as contemplated by both the ADA and Tennessee's common law and statutory whistleblower laws.

6. Defendant, Hardeman County Board of Education, is an employer as contemplated by the ADAAA and Tennessee's common law and statutory whistleblower laws. Defendant operates the public school system of Hardeman County, Tennessee and is a political subdivision of the State of Tennessee. Defendant can be served through its Director of Schools, Warner A. Ross, II.

## FACTS

7.	Ms. Childers was employed by Defendant for more than thirty-five (35) years as an educator and administrative employee and attained the highest level possible for an educator in Tennessee.

8.	Throughout the course of her employment, Ms. Childers received performance reviews that were never less than fully satisfactory.

9.	Prior to the 2006 – 2007 school term, Ms. Childers was employed by Defendant as a teacher at Middleton High School.  Ms. Childers, in her position as building representative for the Tennessee Education Association, reported that Dr. Hopper, then principal of the school at which Ms. Childers was employed, was allegedly getting another teacher to alter records for the daughter of a lady with whom he was involved.  It is alleged upon information and belief that Dr. Hopper was subsequently removed from his position as principal.

10.	Starting with the 2006 – 2007 school term, Dr. Hopper became the Director of Schools for Defendant.

11.	In this position, he removed Ms. Childers from her position in Middleton High School and placed her in the position of Instructional Facilitator at an elementary school.

12.	In the summer of 2007, Ms. Childers was offered and accepted a position as co-Director at the Hardeman County Learning Center.  The Learning Center primarily serves as the alternative school.  In this position, Ms. Childers was successful as evidenced by the children doing well.

13.	In the summer of 2008, Dr. Hopper appointed a new individual with no teaching experience as the Director of the Learning Center, effectively demoting Ms. Childers.

14.	In March 2012, Ms. Childers was called into a meeting with Dr. Hopper to talk about the children being placed in the Learning Center who could not properly be placed there.

During this meeting, Dr. Hopper instructed Ms. Childers to get him a three (3) year contract renewal.  Ms. Childers refused to act as instructed.

15.     On June 15, 2012, Dr. Hopper removed Ms. Childers from her position as co-Director of the Hardeman County Learning Center and placed her in a classroom with a significant cut in pay.

16.     On or about June 30, 2012, Dr. Hopper's contract was not renewed and his tenure as Director of Schools was ended.  Dr. Hopper was replaced by Mr. Warner A. Ross, II.

17.     On or about July 1, 2012, Ms. Childers met with Mr. Ross to discuss the demotion.  During that demotion, Ms. Childers advises Mr. Ross that due to her disabilities, she needed some accommodation because she could not stand for a full day and teach a classroom.  Additionally, her classroom must be located near a bathroom.

18.     Additionally, Ms. Childers expressed the opinion that her demotion may have been due to Dr. Hopper's anger over her refusal to get him a contract extension and/or her reporting his alteration of another student's records.  Mr. Ross agreed that this was probably the case.

19.     Defendant's only response to the request for an accommodation was to deny the request.

20.     As a result of this denial of her accommodation request, Ms. Childers was no longer able to continue in her employment with Defendant and was taken off from work.

21.     As a result of Defendant's insensitivity to Ms. Childers' disability and its discrimination against her, she has suffered and endured humiliation, damage to her reputation, mental and emotional distress, and/or pain and suffering.

22. After July 2102 refusal for accommodation, Ms. Childers filed a Charge of Discrimination with the Equal Employment Opportunity Commission. This Charge was served upon Defendant.

23. As a benefit of the position she held, Ms. Childers was entitled to certain cash benefits for the 2012 – 2013 school year. Ms. Childers has not been paid those benefits.

## CLAIMS – COUNT I VIOLATIONS OF THE ADA-AA

24. Plaintiff hereby restates and incorporates by reference as if set forth in full herein, the allegations contained in paragraphs 1 – 23.

25. Plaintiff is a disabled person within the contemplation of the ADA-AA.

26. Plaintiff was discriminated against on the basis of her disability when, on or about June 15, 2012, she was removed from her position as co-Director of the Learning Center and placed in a classroom.

27. Plaintiff requested that Defendant accommodate her disability in her new position. Defendant's only response was that no accommodation was possible.

28. Defendant's refusal to provide or allow reasonable accommodations to Ms. Childers' disability was such that she could not fulfill the essential functions of her job as a classroom teacher, as well as its initial demotion of her because of her disability, constitutes discrimination in violation of the ADA.

29. Defendant's refusal to meaningfully explore reasonable accommodations for Ms. Childers' disability, as well as its initial demotion of her constitutes gross, wanton, reckless, and/or intentional violations of her rights under the ADA-AA, entitling her to punitive damages.

## CLAIMS – COUNT II RETALIATION FOR MAKING A COMPLAINT OF EMPLOYMENT DISCRIMINATION

30. Plaintiff hereby restates and incorporates by reference as if set forth in full herein, the allegations contained in paragraphs 1 – 29.

31. Plaintiff engaged in protected activity by filing a Charge of Discrimination.

32. Defendant subsequently failed and/or refused to pay the benefits to which she was entitled by virtue of her position for the 2012 – 2013 school term.

33. Plaintiff alleges that the failure and/or refusal to pay those benefits to which Plaintiff was entitled was in retaliation for Plaintiff's filing of the Charge of Discrimination.

34. As a result of Defendant's retaliation, Plaintiff has suffered a loss of those cash benefits, as well as humiliation and embarrassment, as well as damage to her reputation, mental and emotional distress, and/or pain and suffering.

35. Defendant's refusal to pay the benefits owed to Ms. Childers constitutes gross, wanton, reckless, and/or intentional violations of her rights, entitling her to punitive damages.

## CLAIMS - COUNT III RETALIATION IN VIOLATION OF TENNESSEE PUBLIC POLICY

36. Plaintiff hereby restates and incorporates by reference as if set forth in full herein, the allegations contained in paragraphs 1 – 35.

37. Dr. Hopper's demotion of Plaintiff on or about June 15, 2012, was substantially caused by Plaintiff's refusal to approach members of the Hardeman County School Board and obtain for him a contract extension.

38. In the alternative, or additionally, Dr. Hopper's demotion of Plaintiff on or about June 15, 2012, was caused by Plaintiff's involvement in his alleged tampering with the grades of a student and his subsequent dismissal.

39. Dr. Hopper's adverse employment action against Plaintiff was motivated either exclusively or substantially by her having engaged in the protected activity outlined hereinabove.

40. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and beneifts. Moreover, this conduct constitutes gross, wanton, reckless, and/or intentional violations of her rights, entitling her to punitive damages.

WHEREFORE Plaintiff respectfully requests that this Court:

1. That the Court find that the Defendant discriminated against the Plaintiff based on her disability in violation of the ADAAA, declare such practices of the Defendant unlawful, and enjoin the Defendant from any further discrimination;

2. That the Court find that the Defendant retaliated against the Plaintiff based on her having made a complaint of employment discrimination, declare such practices of the Defendant unlawful, and enjoin the Defendant from any further retaliation;

3. That the Court find that the Defendant retaliated against the Plaintiff based on her protected activity in refusing to help Dr. Hopper gain a contract extension and/or in reporting Dr. Hopper's alleged grade tampering, declare such practices of the Defendant unlawful, and enjoin the Defendant from any further retaliation;

4. That this Court order the Defendant to reinstate Plaintiff to her former position or a comparable position with full seniority and benefits or, in lieu of reinstatement, order front pay and benefits until her reinstatement;

5. That this Court award the Plaintiff all lost pay and benefits from the date of her discharge until the date of trial, plus actual and compensatory damages in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) and/or such additional amount as the jury

may deem appropriate to compensate her for his injury and make him whole for all losses suffered;

  6. That the Plaintiff be awarded reasonable attorney's fees and expenses for this action;

  7. Grant Plaintiff pre-judgment and post-judgment interest on all damages awarded, to the maximum extent allowed by law; and

  6. That the Plaintiff be awarded such other and further relief as may be deemed just and proper.

  Plaintiff demands a jury to try this case when the issues are joined.

        Respectfully submitted,

        /s/ James R. Becker, Jr.
        James R. Becker, Jr. #16582
        5100 Poplar Ave., Suite 2606
        Memphis, Tennessee  38137
        (901) 881-6205
        jbecker@memphisemploymentlawyer.net